J-S15041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARRY GREEN | : | |
| | : | |
| Appellant | : | No. 1265 WDA 2020 |

Appeal from the PCRA Order Entered October 29, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
Nos: CP-02-CR-0001065-2011,
CP-02-CR-0013983-2010

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:         **FILED: September 17, 2021**

Appellant, Harry Green, *pro se*, appeals from the order of the Court of Common Pleas of Allegheny County, entered October 29, 2020, that dismissed his second petition filed under the Post Conviction Relief Act (PCRA)[1] without a hearing. We affirm.

The facts underlying this appeal, taken from the opinion of this Court from the direct appeal, are as follows.

> On the afternoon of August 9, 2010, [the Victim] was shot by her boyfriend, [Appellant], in her apartment on Deraud Street in the Hill District section of Pittsburgh. [The Victim] died of a gunshot wound to the head, with a single bullet having entered her head below her right eye. . . . Mr. Terrence Lee, a friend of the [V]ictim

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

and acquaintance of [Appellant], was at the apartment at the time of the shooting and identified [Appellant] as the shooter.

. . .

According to the recorded statement that Mr. Lee gave to the police on the night of the shooting, [Appellant] was at [the Victim's] apartment, engaged in an argument with her, upon Mr. Lee's arrival at the apartment, which was approximately fifteeen (15) minutes prior to the shooting. Mr. Lee told the police that, after some period of argument, [Appellant] got up to leave the apartment. As he was walking out the door, the [V]ictim said something to [Appellant], at which point [Appellant] turned toward her, pulled his gun, and shot her in the face. [The Victim] immediately fell to the floor. Mr. Lee initially grabbed [the Victim], then ran outside, looking upstairs of [the Victim's] apartment, and yelled to the upstairs neighbor, Floorine Turner, to call an ambulance.

. . .

Both Mr. Lee and Ms. Turner positively identified [Appellant] via photo array when questioned by police. Mr. Lee also relayed what he had witnessed to the [V]ictim's mother and described the events leading up to the shooting to her. Ms. Turner, an unbiased witness with no real connection to anyone involved in this incident, was the most credible and convincing witness at trial.

**Commonwealth v. Green**, 76 A.3d 575, 577 (Pa. Super. 2013) (*quoting* the

Trial Court Opinion, 12/21/12, at 2-5). At trial, Terrence Lee recanted his

original statements to police. Mr. Lee testified at trial as follows.

Mr. Lee: Well, I seen - - I just heard a knock on the door, and the door opened, and I heard a shot. She fell.

. . .

Mr. Lee: I stood up, I looked out the door. There was nobody there. I yelled upstairs for somebody to call the ambulance. I yelled out the door for somebody to call the ambulance.

. . .

Q: So when you looked out the door, you're saying you saw nobody there?

Mr. Lee: I didn't see nothing.

N.T. 9/19/11, Trial, at 15-17. The trial court found Mr. Lee's "earlier statements to police to be credible and compelling, as well as consistent with other evidence in the case." *Commonwealth v. Green*, 76 A.3d 575 (Pa. Super. 2013) (*quoting* the Trial Court Opinion, 12/21/12, at n. 2).

On September 20, 2011, following a consolidated bench trial, Appellant was convicted of third-degree murder at docket number CP-02-CR-0001065-2011 (No. 1065-2011) and Violation of the Uniform Firearm Act (VUFA) at docket number CP-02-CR-0013983-2010 (No. 13983-2010).[2] The trial court sentenced Appellant on December 16, 2011 to an aggregate sentence of 21.5 years' to 43 years' incarceration. This Court affirmed Appellant's judgment of sentence. *Commonwealth v. Green*, 76 A.3d 575 (Pa. Super. 2013). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on March 11, 2014. *Commonwealth v. Green*, 87 A.3d 318 (Pa. 2014) (table). Appellant filed a first, timely petition pursuant to the PCRA on December 18, 2014. Appellant's counsel filed a motion to withdraw and a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted counsel's motion to withdraw and issued

_____

[2] 18 Pa.C.S. §§ 2501(a) and 6106(a)(1), respectively.

- 3 -

notice of its intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court dismissed Appellant's PCRA petition on June 18, 2015. Order, 6/18/15. Appellant did not file an appeal to this Court.

On June 3, 2019, Appellant filed his second, *pro se*, PCRA petition, stating that he is eligible for relief under the PCRA because he has "after discovered evidence" and his sentence is illegal. Appellant's PCRA Petition, 6/3/19 at 13-19; **See** 42 Pa.C.S. § 9543(a)(2)(i), (vi), and (vii). Appellant invoked the governmental interference and newly discovered fact exceptions to the PCRA time limit for filing. PCRA Petition, 6/3/19 at 10-13; **See** 42 Pa.C.S. § 9545(b)(1)(i) and (ii).

The PCRA court appointed counsel to represent Appellant and ordered PCRA counsel to file an amended petition within 90 days of the date of the order. Order, 6/7/19. PCRA counsel filed several motions requesting extensions of time to file an amended PCRA petition, which the PCRA court granted. On April 28, 2020, PCRA counsel filed a timely petition to withdraw as counsel and a "no merit" letter pursuant to **Turner** and **Finley**, concluding that Appellant's claims are time barred. No-merit letter, 4/28/20.

On June 11, 2020, the PCRA court granted PCRA counsel's application to withdraw and notified Appellant of its intent to dismiss the petition without a hearing pursuant to Rule 907. Order, 6/11/20. Appellant filed a response requesting to amend the PCRA petition. Motion, 6/30/20. The PCRA court granted Appellant's motion and ordered the amended petition to be filed by August 31, 2020. Order, 7/1/20. Appellant filed a *pro se* amended PCRA

petition on August 31, 2020.[3]  The PCRA court dismissed Appellant's PCRA petition without a hearing.  Order, 10/29/20.  The PCRA court concluded that it lacked jurisdiction over Appellant's second PCRA petition because the petition was untimely and failed to satisfy an exception to the PCRA's time bar.[4]  *Id*.  Appellant filed a timely notice of appeal on November 13, 2020.[5]

Before we address the merits of Appellant's appeal, we must first determine if Appellant has complied with Pa.R.A.P. 341(a) which requires the filing of separate notices of appeal when a single order resolves issues arising on more than one trial court docket.  *See Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018).  This Court issued a rule to show cause on December 18, 2020, directing Appellant to show cause why the appeal should not be quashed in light of *Walker* because Appellant filed one notice of appeal listing

---

[3] Appellant's amended PCRA petition was received and stamped by the Allegheny County clerk of courts on September 2, 2020, however, it was post-marked August 31, 2020.  *See* Order, 10/29/20.  Pursuant to the Prisoner Mailbox Rule, we will consider August 31, 2020 to be the date of filing.  *See Commonwealth v. Whitehawk*, 146 A.3d 266, 268 n.3 (Pa. Super. 2016) (citation omitted) (Under the 'Prisoner Mailbox Rule' a document is deemed filed when placed in the hands of prison authorities for mailing).

[4]  The PCRA court, the Honorable Beth A. Lazzara, is the same Judge that heard Appellant's bench trial and subsequently sentenced Appellant.

[5] On December 8, 2020, the PCRA court filed an order pursuant to Pa.R.A.P. 1925(b).  On December 21, 2020, Appellant filed a timely Rule 1925(b) statement.  In lieu of an opinion pursuant to Rule 1925(a), the PCRA court filed an order stating that it satisfied the requirements of Rule 1925(a) by way of its Rule 907 Order dated 6/10/20 and Order dismissing Appellant's PCRA petition dated 10/29/20.  Order, 1/5/20.

two docket numbers. Appellant filed a response on December 30, 2020. This Court discharged the rule to show cause and advised the parties that the issue may be revisited by this panel. Order, 1/5/21.

Appellant filed one notice of appeal listing two docket numbers. The PCRA court filed one order listing the two docket numbers which dismissed Appellant's PCRA petition and stated "[t]he Defendant is hereby put on notice that he has the right to file . . . **an** appeal to the Pennsylvania Superior Court within thirty (30) days from the date of this Order." Order, 10/29/20 (emphasis added). This direction to file "an appeal" misinformed Appellant that he need only file one notice of appeal. We find that there was a breakdown in the court operations regarding Appellant's appellate rights, leading to Appellant filing one notice of appeal containing both docket numbers. Therefore, this appeal will not be quashed. *See Commonwealth v. Stansbury*, 219 A.3d 157, 160 (Pa. Super. 2019) (where the PCRA court entered a single order covering two docket numbers and advised appellant that he could pursue appellate review by filing a single notice of appeal, a breakdown in court operation occurred and this Court did not quash the appeal).

Appellant presents the following issue for our review:

Did the PCRA court err in finding that the affidavit of Terrence Lee did not constitute after discovered evidence, and is the Appellant entitled to a remand for an evidentiary hearing based on this affidavit?

Appellant's Brief at 1 (suggested answer omitted).

- 6 -

In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." ***Commonwealth v. Andrews,*** 158 A.3d 1260, 1263 (Pa. Super. 2017) (citation omitted). The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez,*** 79 A.3d 649, 651 (Pa. Super. 2013). A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in 42 Pa.C.S. § 9545(b)(1).

> The three exceptions to the timeliness requirement are:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Appellant's judgment of sentence became final ninety days after the Pennsylvania Supreme Court denied the

petition for allowance of appeal on March 11, 2014. ***See*** 42 Pa.C.S. § 9545(b)(3) (for purposes of PCRA review, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); U.S. Sup. Ct. R. 13. Appellant had one year thereafter to file a PCRA petition – i.e., until June 11, 2015. ***See*** 42 Pa.C.S. § 9545(b)(1). Appellant filed the current petition on June 3, 2019, approximately four years late. Therefore, Appellant's petition was patently untimely unless he satisfies an exception to the timeliness requirement. ***Id***.

The only exception Appellant asserts is the newly discovered fact exception under § 9545(b)(1)(ii) (the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence). Amended PCRA Petition at 7 (unpaginated); Appellant's Brief at 3. In his PCRA petition, Appellant included an affidavit from Terrence Lee, the eyewitness to the shooting who previously testified at the trial. PCRA Petition, 6/3/19, at "exhibit A." In the affidavit, Mr. Lee states that he saw Robert Murphy kill the Victim. ***Id***. Appellant stated that he received the affidavit of Terrence Lee on April 12, 2019. Appellant's PCRA Petition, 6/3/19, at 12 "exhibit B." Appellant argued that, therefore, the petition was timely filed on June 3, 2019, because it was filed within one year of the date he received the information. Appellant's PCRA petition, 6/3/19, at 12; ***See*** 42 Pa.C.S. § 9545(b)(2).

"The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Fennell***, 180 A.3d 778, 782 (Pa. Super. 2018) (*en banc*) (citation omitted).

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the facts upon which the claim was predicated were unknown" and 2) "could not have been ascertained by the exercise of due diligence."

***Commonwealth v. Medina***, 92 A.3d 1210, 1216 (Pa. Super. 2014) (*quoting* ***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007)). "[T]he exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim." ***Bennett***, 930 A.2d at 1271; ***See also Commonwealth v. Howard***, 249 A.3d 1229, 1235 (Pa. Super. 2021).

"Due diligence demands that the petitioner take reasonable steps to protect his own interests." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted). "A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is ***strictly*** enforced." ***Fennell***, 180 A.3d at 785 (emphasis in original) (*quoting* ***Brown,*** 111 A.3d at 176).

We find that Appellant did allege newly discovered facts within the meaning of Section 9545(b)(1)(ii). However, we agree with the PCRA court that Appellant's petition is untimely as Appellant cannot demonstrate that he

could not have ascertained the facts by the exercise of due diligence. Appellant's petition alleged that Mr. Lee stated that Mr. Murphy is the person who shot and killed the Victim. This information differs from Mr. Lee's trial testimony, that he did not see the person who shot the Victim. The information is also different from Mr. Lee's statement to police, where he identified Appellant as the person who shot the Victim. Appellant has established that "the facts upon which the claim is based were unknown to him," in that he stated did not receive Mr. Lee's letter stating that Mr. Murphy killed the Victim until April 12, 2019. *See Commonwealth v. Burton*, 158 A.3d 618, 628 (Pa. 2017). Appellant filed the instant petition within one year of the date the information was discovered. *See* 42 Pa.C.S. § 9545(b)(2).

Appellant argues that he could not have discovered this information earlier because Mr. Lee was fearful for his life and would not have admitted Mr. Murphy shot the Victim until he decided for himself to come forward with this information. Appellant's Brief, at 6. However, this does not explain why Appellant was unable to discover this information earlier with the exercise of due diligence. *See Brown*, 111 A.3d at 178.

Appellant knew at the time of his trial in 2011 that Mr. Lee was present with the Victim at the time of the shooting, initially identified Appellant as the shooter, then subsequently changed his statement and testified at Appellant's trial that he did not see the person who shot the Victim. On cross-examination, Appellant's counsel asked Mr. Lee,

Counsel: Did you do this?

- 10 -

Mr. Lee: No.

Counsel: Okay. But you didn't see the shooter; is that correct?

Mr. Lee: No.

N.T. 9/19/2011, Trial, at 23-26.

Mr. Lee was available at trial, known to the Appellant, and provided conflicting testimony regarding the identification of Appellant as the shooter, yet Appellant did not pursue this information on cross-examination or attempt to contact Mr. Lee after the trial to interview him. Appellant could have ascertained the information with due diligence. *See Brown* 111 A.3d at 178 (petitioner failed to prove he acted with due diligence when witness came forward with additional information about the shooting that would have supported petitioner's self-defense argument, where witness testified at trial, petitioner knew witness was present with the victim at the time of the shooting and failed to cross-examine him about the additional information or contact him after the trial to attempt to gain additional information); *Cf*. *Medina*, 92 A.3d at 1217-18 (where witnesses unequivocally testified at trial that appellant was the perpetrator, appellant would have no reason to investigate witness' new allegations that they were coerced to identify appellant and counsel does not have to go on a fishing expedition or assume the witness is perjuring himself).

We discern no error of law in the PCRA court's conclusion that Appellant's petition is time barred and that it was without jurisdiction to

address the merit of Appellant's petition as Appellant could have discovered the evidence with due diligence.[6]

     Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

*Joseph D. Seletyn, Esq.*

Joseph D. Seletyn, Esq.
Prothonotary

Date:  <u>09/17/2021</u>

---

[6] This Court may affirm a PCRA court's order on any legal basis. ***Commonwealth v. Hutchins***, 760 A.2d 50, 55 (Pa. Super. 2000).  While the PCRA court based its conclusion on whether Appellant presented new facts as opposed to due diligence, this Court can affirm on any legal grounds.